# United States District Court
## Northern District of Indiana

LONNIE K. STEPHENS,           )
                                     )
                 Petitioner,      )
                                     )     Civil Action No.  3:11-CV-274 JVB
       v.                           )
                                     )
SUPERINTENDENT,         )
                                     )
                Respondent.    )

## OPINION AND ORDER

This matter is before the court on a habeas corpus petition from Lonnie K. Stephens, a *pro se* prisoner, on June 28, 2011. He is attempting to challenge his conviction and thirty-year sentence by the Blackford Circuit Court under cause number 05C01-0312-FB-52. However, habeas corpus petitions are subject to a one year statute of limitations and this petition is nearly four years late.

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Stephens does not explain why he delayed filing a habeas corpus petition, but nothing in his submissions indicates that the State prevented him from filing a petition before the deadline expired or that his claims are based on either a newly recognized Constitutional right or newly discovered evidence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In this case, the Court of Appeals of Indiana affirmed his conviction on September 27, 2006.[1] The time for seeking a petition to transfer to the Indiana Supreme Court expired 30 days later on October 27, 2006. *See* Ind. R. App. P. 57(C). Thus on October 28, 2006, the 1-year period of limitation began. A year later, on October 29, 2007,[2] the time for filing a habeas corpus petition expired. Because Stephens did not sign this habeas corpus petition until June 28, 2011, nearly four years after the deadline expired, this petition is untimely and must be dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the

---

[1] The opinion of the Court of Appeals of Indiana, *Stephens v. State*, 05A02-0601-CR-67 (Ind. Ct. App. September 27, 2006) is unpublished, but it is available at the court's official website: http://www.in.gov/judiciary/opinions/pdf/09270601lmb.pdf

[2] October 28, 2007, was a Sunday, therefore Stephens had until the next day to file a habeas corpus petition.

court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485. As previously explained, this petition was not timely filed. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** the petition (ECF 1) as untimely pursuant to Section 2254 Habeas Corpus Rule 4 and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED** on August 5, 2011.

  s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United State District Judge
Hammond Division